# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BARBARA LENZNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-1159 CAS |
| ) | |
| J.C. PENNEY CORPORATION, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on defendant J.C. Penney Corporation, Inc.'s Motion for Relief From This Court's Order Allowing Plaintiff to Dismiss her Cause of Action Without Prejudice. Plaintiff opposes the motion and it is fully briefed. For the following reasons, the Court will deny the motion.

**Background**

This action was originally filed in state court. The petition alleges that plaintiff was injured when she fell in a J.C. Penney store after one of defendant's employees hit her with a rack of clothing. Defendant removed the case to this Court on June 29, 2010, on the basis of diversity of citizenship and filed its answer the same day. Two days later, on July 1, 2010, the Court ordered the parties to submit a joint proposed scheduling plan and on the same day, plaintiff filed a Notice of Voluntary Dismissal under Rule 41(a)(1), Federal Rules of Civil Procedure. The Court construed the Notice of Voluntary Dismissal as a motion for voluntary dismissal under Rule 41(a)(2), Fed. R. Civ. P., and granted it by Order of July 2, 2010.[1]

---

[1] A voluntary dismissal under Rule 41(a)(1) does not require leave of Court. See Fed. R. Civ. P. 41(a)(1)(A).

Defendant then filed the instant motion, which asks the Court to set aside its order dismissing this action on the grounds that the voluntary dismissal prejudices defendant because it deprives defendant of its right to "enjoy what Defendant perceives to be procedural and substantive advantages that attend the pendency and resolution of this matter in Federal Court." Def.'s Mem. Supp. at 3. Defendant further asks the Court to impose conditions on plaintiff if it is going to permit voluntarily dismissal of her cause of action, specifically, the payment of defendant's costs and attorney's fees incurred in removing the action to federal court and in preparing and filing its answer.

**Discussion**

**I**.

The Court first examines defendant's contention that the voluntary dismissal should be set aside because of the prejudice it will suffer as a result of being deprived of a federal forum. The Eighth Circuit Court of Appeals has instructed that a showing of "plain legal prejudice" is required to deny a dismissal without prejudice. Armstrong v. Adams, 869 F.2d 410, 414 (8th Cir. 1989) ("To set aside a voluntary dismissal under Fed. R. Civ. P. 41(a), [a defendant] must demonstrate plain legal prejudice arising from the dismissal."). To demonstrate the required level of prejudice, a defendant must show more than that the plaintiff will gain a tactical advantage as a result of her action. Hoffmann v. Alside, Inc., 596 F.2d 822, 823 (8th Cir. 1979) (per curiam).

Legal prejudice is not visited upon defendant because it might have to defend this case in state court rather than a federal forum. "A plaintiff's intention to pursue the litigation in state court does not, by itself, constitute prejudice sufficient to justify denial of a motion for a voluntary dismissal." 8 James Wm. Moore et al., Moore's Federal Practice § 41.40[7][b][ii] (3d ed. 2010).

2

No prejudice would occur from a refiling in state court because there is no showing of any unfair disadvantage to defendant under the procedural laws of the State of Missouri, and the substantive law of Missouri would apply in either federal or state court. See Home Owners' Loan Corp. v. Huffman, 134 F.2d 314, 318 (8th Cir. 1943) ("In whichever court the case is tried the substantive rights of the parties are controlled by the laws of Missouri, and there is no showing of disadvantage to the defendant in the procedural law of Missouri.").

The Fourth Circuit has stated that "the mere prospect of the transfer of litigation to state court [is] an insufficient basis for denying [a] motion for voluntary dismissal. Ordinarily the mere fact that a plaintiff prefers the state courts ought not to prevent his discontinuing his suit; one court is as good as another." Davis v. USX Corp., 819 F.2d 1270, 1275 (4th Cir. 1987) (internal punctuation and citation omitted). This is particularly true where, as here, the case has not progressed beyond the initial stage and the defendant has not filed a dispositive motion or the case is at some other critical juncture. See 8 Moore's Federal Practice § 41.40[7][a]; Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987).

While defendant may prefer to litigate in federal court and has a statutory right to remove in certain situations, the plaintiff is still the master of her own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987). Because defendant has not shown plain legal prejudice resulting from the voluntary dismissal, its motion to set the dismissal aside should be denied.

**II**.

. The Court now turns to defendant's request to impose conditions on the dismissal, specifically that plaintiff pay its costs and attorney's fees associated with removing the action and filing its answer. As defendant correctly observes, this is a matter within the Court's sound discretion under Rule

41(a)(2).  Herring v. City of Whitehall, 804 F.2d 464, 466 (8th Cir. 1986).  As a general rule, "Courts impose few or no conditions early in a case when the defendant faces, at most, the mere prospect of relitigation in another forum."  8 Moore's Federal Practice § 41.40[10][a].

Although the payment of a defendant's costs of litigation is a proper condition of dismissal under Rule 41(a)(2), whether to order such payment is a matter for the Court's discretion.  See Herring, 804 F.2d at 466.  Here, the case was newly filed when it was removed from state court, and was only in federal court for three days before plaintiff promptly sought dismissal.  Defendant's costs and fees incurred were minimal, and it did not file any substantive motions.  The costs of removal were voluntarily incurred because defendant chose to seek a federal forum, and defendant would have been required to file a responsive pleading whether the case was in state or federal court.  The Court does not find that plaintiff's actions in seeking the dismissal were vexatious or in bad faith.  Finally, defendant has not shown prejudice as a result of the dismissal.  For these reasons, in the exercise of its discretion, the Court declines to attach conditions to the voluntary dismissal.

**Conclusion**

For the foregoing reasons, the Court will deny defendant's motion for relief from the Order allowing plaintiff to voluntarily dismiss her case without prejudice, and will deny defendant's motion for the imposition of conditions upon the voluntary dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Relief From This Court's Order Allowing Plaintiff to Dismiss her Cause of Action Without Prejudice is **DENIED**. [Doc. 11]

                                                           /s/ Charles A. Shaw
                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this   25th   day of August, 2010.